IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Crim. No. 09-471-6 |
| | : | |
| TONY GRANADO | : | |
| | : | |

**O R D E R**

After an eleven-day trial, the jury convicted Defendant Tony Granado of various drug offenses arising from his participation in a large-scale cocaine distribution conspiracy. (Doc. Nos. 225, 229.) In the PSR, Probation found that Defendant was responsible for more than 1,500 kilograms of cocaine—a conclusion amply supported by the trial evidence. (PSR ¶ 38.) Probation further determined that Defendant had a Category III criminal history, a base offense level of 38, and was eligible for a three-level sentencing enhancement, thus resulting in a total offense level of 41 and an advisory Guidelines range of 360 months to life. At the May 22, 2012 sentencing hearing, I adopted Probation's Guidelines calculation and sentenced Defendant to a low-end Guidelines sentence of 360 months' imprisonment. (Doc. No. 288; see Doc. No. 388 at 2.) The Third Circuit affirmed on April 25, 2013. United States v. Granando, 523 F. App'x 153 (3d Cir. 2013).

On August 12, 2016, Defendant moved *pro se* for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Guidelines Amendment 782. (Doc. No. 396); see United States v. Powell, 798 F.3d 431, 442 (6th Cir. 2015) (explaining that Amendment 782 reflects the Department of Justice's "Drugs Minus Two" drug-sentencing policy). The Government has opposed the Motion. (Doc. Nos. 397.) Because Defendant is ineligible for a sentence reduction, I will deny his Motion.

Section 3582(c)(2) allows a court to reduce a Defendant's sentence only if "(1) the sentence was 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission,' and (2) 'a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" United States v. Ware, 641 F. App'x 108, 110 (3d Cir. 2016) (quoting 18 U.S.C. § 3582(c)(2) and United States v. Flemming, 723 F.3d 407, 410 (3d Cir. 2013))).

Defendant cannot satisfy the second requirement:  his requested reduction would be inconsistent with the Commission's policy statement, which limits bars any reduction pursuant to a retroactive Guidelines Amendment (like Amendment 782) that "does not have the effect of lowering the defendant's applicable guideline range."  U.S.S.G. § 1B1.10(a)(2)(B); United States v. Jones, App, No. 16-1174, 2016 WL 4245429, at *2 (3d Cir. Aug. 11, 2016) ("Under 18 U.S.C. § 3582(c)(2), a court may modify a defendant's term of imprisonment if it was 'based on a sentencing guideline range that has subsequently been lowered by the Sentencing Commission.' But if the revised offense guidelines do not have the 'effect of lowering the defendant's applicable guideline range,' a sentencing reduction is not warranted.").

Here, Amendment 782 does not effectively lower Defendant's applicable Guidelines range of 360 months to life imprisonment.  Under the post–Amendment 782 drug-sentencing Guidelines, an offense involving 450 kilograms of cocaine more carries a base offense level of 38.  See U.S.S.G. § 2D1.1(c)(1) (drug quantity table).   At sentencing, I determined that Defendant's offense involved at least 1,500 kilograms of cocaine.  Accordingly, even if Defendant were sentenced today, his base offense level would remain 38 and, given his three-level sentencing enhancement, his Guidelines range would remain 360 months to life imprisonment.  In these circumstances, Defendant is ineligible for the requested sentence reduction because Amendment

782 "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

*     *     *     *     *

**AND NOW**, this 17th day of August, 2016, upon consideration of Defendant's Motion for Modification of Term of Imprisonment (Doc. No. 395), the Government's Response (Doc. No. 397), and the entirety of the record, it is hereby **ORDERED** that Defendant's Motion is **DENIED**.

**AND IT IS SO ORDERED.**

*/s/ Paul S. Diamond*
_____
Paul S. Diamond, J.